UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JACK JERVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-196 PS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Jack Jervis, a *pro se* prisoner, filed this habeas corpus petition seeking relief under 28 U.S.C. § 2254.  Respondent filed a response arguing that the petition is untimely.  Petitioner filed a traverse arguing that he was unable to file it sooner because he was incapacitated.

On May 18, 2001, Jervis was convicted of murder and sentenced to 55 years by the LaPorte Circuit Court in 46C01-0003-CF-037.  He appealed his conviction to the Court of Appeals of Indiana, which affirmed it on April 23, 2002.[1]  He did not seek transfer to the Indiana Supreme Court and, pursuant to Indiana Rule of Appellate Procedure 57(C)(2), the time for doing so expired on May 23, 2002.  On December 2, 2003 (588 days later), he filed a petition for post-conviction relief in the state court, which was denied.  The present federal habeas corpus petition was signed on March 28, 2005.

Habeas Corpus petitions are subject to a one year statute of limitations.

---

[1] Without citation to the record, Jervis states in his traverse that his direct appeal was affirmed on September 4, 2002. This is not consistent with either the appellate docket sheet or the unpublished opinion of the Court of Appeals of Indiana both of which show that the conviction was affirmed on April 23, 2002.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> >   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> >   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> >   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> >   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent argues that subparagraph (A) is applicable. If it is, the time for filing a habeas corpus petition expired on May 23, 2003.[2] Jervis argues that he can demonstrate cause and prejudice for his failure to exhaust his state remedies. Although it appears that he has not exhausted his state remedies, that is not the question before the Court. Cause and prejudice is not an exception to untimeliness. But because of the nature of his argument, the Court construes it as an argument that subparagraph (B) is applicable.

---

[2] Respondent calculated the time for filing a petition for certiorari to the United States Supreme Court and argues that the expiration of the time for seeking direct review expired on July 22, 2002. This is incorrect. Petitioner did not file a petition to transfer to the Indiana Supreme Court, and the Court of Appeals of Indiana is not "a state court of last resort." Therefore, pursuant to United States Supreme Court Rule 13.1, it was not possible to file a petition for certiorari.

Jervis argues that he was pushed down a flight of stairs on August 2, 2003 and that he was mentally and physically incapacitated for years thereafter.  First, it does not appear that state action caused him to fall down the stairs (i.e. the state did not create the impediment).  But even if it did, this fall occurred two and a half months after the expiration of the one-year period of limitation.  Therefore neither it, nor his subsequent incapacity, prevented Jervis from filing a timely habeas petition.

Jervis also argues that he is actually innocent of the crime charged, but as the Seventh Circuit has stated, "Neither the Supreme Court nor this Court has recognized a freestanding actual innocence exception to § 2244 that would allow a petitioner to overcome a failure to file the petition in a timely manner." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005).  Rather, when faced with a statute of limitations problem, any claim of actual innocence must be addressed through the concept of equitable tolling.  As the Seventh Circuit has stated:

> This Court has stated that actual innocence, instead of comprising a freestanding exception to the AEDPA, must be presented in conjunction with a claim that the habeas statute of limitations should be equitably tolled.  Equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition.  This Court has acknowledged that equitable tolling may apply to § 2244, but only where the doctrine's operation would not conflict with the tolling provisions specifically listed in § 2244(d).

*Id.* at 1033-1034 (citations omitted).  As previously discussed, Jervis has presented no basis for tolling § 2244(d)'s one-year statute of limitations, therefore his actual innocence argument is not a basis for excusing his untimely petition.

The Court concludes that Jervis' one-year period of limitation began on May 23, 2002 in accordance with 28 U.S.C. § 2244(d)(1)(A) and that it expired on May 23, 2003.  Because Jervis' state post-conviction relief petition was not filed until December 2, 2003, it did not toll

the statute of limitations.  Because this habeas corpus petition was not signed until March 28, 2005, it is untimely.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED.**

ENTERED: January 30, 2007

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
